```
              UNITED STATES DISTRICT COURT
           SOUTHERN DISTRICT OF WEST VIRGINIA
                     AT CHARLESTON
```

WEST VIRGINIA DEPARTMENT
OF HEALTH AND HUMAN RESOURCES

    Plaintiff

v.                                 Civil Action No. 2:11-0386

MARY WARNE

    Defendant


## MEMORANDUM OPINION AND ORDER

Pending are the United States' motions (1) to dismiss for lack of subject matter jurisdiction, filed June 27, 2011, and (2) to stay further proceedings herein pending resolution of the motion to dismiss, filed July 13, 2011.  No party has responded to the motions.

I.


On November 23, 2010, plaintiff petitioned the Circuit Court of Kanawha County to appoint a conservator for defendant. The Sheriff of Kanawha County was ultimately appointed as requested by plaintiff.  The Sheriff then moved the circuit court to compel the Social Security Administration to appoint him as the representative payee for defendant respecting her Social Security benefits.  On May 2, 2011, the circuit court granted the request, and directed the Social Security Administration to appoint the Sheriff as representative payee for defendant.

On May 31, 2011, the United States, on behalf the Social Security Administration, and its employees, Gwen Martin and Libby Toth, purported to enter the case as a party and remove this action pursuant to 28 U.S.C. § 1442(a)(1). The United States sought vacatur of the circuit court's May 2, 2011, order, asserting the circuit court lacked subject matter jurisdiction to compel any action by the United States or its instrumentalities or agents. It additionally sought remand once vacatur had occurred.

On July 15, 2011, the United States filed a notice reflecting that the Sheriff had been appointed by the Social Security Administration as representative payee for defendant.

II.

"The mootness doctrine is a limit on . . . [federal] jurisdiction that originates in Article III's case or controversy language." Townes v. Jarvis, 577 F.3d 543, 554 (4th Cir. 2009) (quotation marks and brackets omitted), cert. denied, 130 S. Ct. 1883 (2010). A case is moot "when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." Lux v. Judd, No. 10-1997, --- F.3d ----, 2011

2

WL 2624173 , at *4 (4th Cir. Jul. 6, 2011) (quoting <u>Simmons v. United Mortg. & Loan Inv., LLC</u>, 634 F.3d 754, 763 (4th Cir. 2011)).

Inasmuch as the Social Security Administration has now provided the precise relief requested by the Sheriff and ordered by the circuit court, namely, appointing the Sheriff as representative payee for defendant, there does not appear to be any live controversy for adjudication.  The court, accordingly, ORDERS that to the extent the United States is deemed a party to this action that it be, and it hereby is, dismissed.  Absent any other grounds upon which federal subject matter jurisdiction might be based, it is further ORDERED that the residue of this action be, and it hereby is, remanded to the Circuit Court of Kanawha County for any further proceedings that it deems necessary.

It is further ORDERED that the United States' motions (1) to dismiss for lack of subject matter jurisdiction, and (2) to stay further proceedings herein pending resolution of the motion to dismiss, be, and they hereby are, denied as moot.

**The Clerk is directed to forward copies of this written opinion and order to the Clerk of the Circuit Court of Kanawha County, all counsel of record and any unrepresented parties.**

DATED: Cwiwuv"6."4233

John T. Copenhaver, Jr.
United States District Judge